UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEAN OLIVER,

                Plaintiff,

   v.

PIERCE COUNTY JAIL, *et al.,*

                Defendants.

Case No. C07-5128RBL

ORDER

    This matter comes before the court on the submission of a civil rights complaint, signed by five individuals in custody at the Pierce County Jail. The court clerk has also received applications to proceed in forma pauperis from these five individuals, plus an additional application from Jimmy Wells, who is named in the caption of the complaint but did not sign the document. The complaint challenges the conditions of confinement at the Pierce County Jail, and names the Pierce County Jail, City/County Government, the State of Washington as defendants. The Court, having reviewed the record, the applications to proceed in forma pauperis, and the balance of the record, does hereby ORDER:

    (1) Due to the factually specific nature of the claims being raised in this matter (see discussion below), each of the six plaintiffs (Dean Oliver, Kenny Lindell, Adam Asher, Sjon Mackay, Timothy Spradlin, and Jimmy Wells) must file separate complaints under separate cause numbers. The above case number, C07-5128 shall be assigned to Dean Oliver, who appears to be the first person who signed the complaint filed under this cause number. For the remaining five plaintiffs (Kenny Lindell, Adam Asher, Sjon Mackay, Timothy Spradlin, and Jimmy Wells), the clerk is directed to open five new cases, assigning

ORDER
Page - 1

a case number to each.

(2) As noted above, the complaint filed in this matter argues the conditions of confinement at the Pierce County Jail violate plaintiff's civil rights. Plaintiff specifically challenges the inability to shave with a razor that has not been used by other inmates, the lack of dental floss, and the opening of legal mail out of his presence.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A person cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

Here, the complaint does not show any personal participation by any individual defendants. The defendants named in the complaint are not individuals. Mr. Oliver will need to file an amended complaint, alleging, if possible, facts that show how defendant(s) personally participated in the alleged civil rights violations.

To state a claim of cruel and unusual punishment plaintiff must satisfy two requirements:

> First, the deprivation alleged must be, objectively, "sufficiently serious" . . .. For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.

Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994). Second, "[t]o violate the Cruel and Unusual Punishment Clause, a prison official must have a `sufficiently culpable state of mind' . . .. [T]hat state of mind is one of `deliberate indifference' to inmate health or safety." Id. (citations omitted). The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official

ORDER
Page - 2

must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979.  An inmate's eighth amendment rights are violated if he or she is treated with deliberate indifference to his or her serious medical needs. *See* Estelle v. Gamble, 429 U.S. 97, 106 (1976); Jones v. Johnson, 791 F.2d 769, 771 (9th Cir. 1986). The indifference to medical needs must be substantial. Estelle, 429 U.S. at 105-106; *see also* Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988).

Here, to support a claim of lack of proper health and medical care, Mr. Oliver must amend the complaint to show how he personally is being treated or was treated with indifference, either creating a serious risk of harm or ignoring a serious medical need.  Again, Mr. Oliver must name specific individual defendants that are acting indifferent to his needs to properly support a civil rights claim.

Finally,  A prison's pattern and practice of routinely opening inmate legal mail, outside of the inmate's presence, has been found to violate the Constitution. *See* Bieregu v. Reno, 59 F.3d 1445 (3d Cir. 1995) (prison's "pattern and practice" of opening confidential legal mail outside of inmate's presence infringes upon inmate's First Amendment rights and access to the courts). *See* Muhammad v. Pitcher, 35 F.3d 1081 (6th Cir. 1994).  The Ninth Circuit and other circuits have held that an isolated instance or occasional opening of inmate legal mail, outside of the inmate's presence, does not violate the Constitution. *See* Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989) (prison guard's opening of inmate's legal mail outside of the inmate's presence was, at most, negligence, and did not reach the level of intent necessary for constitutional violation); Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 1993); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997) (isolated, single instance of opening incoming confidential legal mail does not support a constitutional claim); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (isolated incident of opening inmate legal mail "without evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access the courts, does not give rise to a constitutional violation").

Here, Mr. Oliver does not allege his legal mail was processed under special mail handling procedures.  He does not allege that his legal mail is routinely opened outside his presence or that it has occurred more than once or twice.  Moreover, Mr. Oliver does not allege who (it must be an individual person(s)) is opening his mail outside of his presence.

ORDER
Page - 3

1      For the reasons stated above, the complaint in this matter is deficient, and Plaintiff (Dean Oliver)
2  shall cure these deficiencies, if possible, by filing **an amended complaint by no later than May 30, 2007.**
3  If plaintiff fails to cure these deficiencies this court will recommend dismissal of this matter as frivolous.
4      (3)  The Clerk is directed to send copies of this Order and the General Order to plaintiff. The Clerk
5  is directed to send copies of this Order to plaintiff and to counsel for the defendants.
6      DATED this 9th day of May, 2007.

                      */s/ J. Kelley Arnold*
                      J. Kelley Arnold
                      United States Magistrate Judge