UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEAN OLIVER,

    Plaintiff,

  v.

PIERCE COUNTY JAIL, *et al.*,

    Defendants.

Case No.  C07-5128RBL

REPORT AND RECOMMENDATION

Noted for August 17, 2007

  This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  The matter is before the court because plaintiff has failed to respond to the court's order to show cause.  After reviewing the record, it is recommended that the Court dismiss plaintiff's causes of action.

## FACTUAL AND PROCEDURAL BACKGROUND

  In his complaint, Plaintiff argues the conditions of confinement at the Pierce County Jail violate plaintiff's civil rights.  Plaintiff specifically challenges the inability to shave with a razor that has not been used by other inmates, the lack of dental floss, and the opening of legal mail out of his presence.  On May 9, 2007, the undersigned  reviewed the complaint and found it to be deficient and ordered plaintiff to show cause why the matter should not be dismissed as frivolous.  *See* Doc. 18.   Plaintiff's copy of the order was returned to the court by the postal service on or about May 15, 2007.  The Clerk's office used the correct address provided by plaintiff.  Plaintiff has not contacted or sent any information the court or clerk's office

REPORT AND RECOMMENDATION
Page - 1

since on or about May 17, 2007. Plaintiff has not informed the court or clerk with regard to his current address.

## DISCUSSION

It is the *pro se* plaintiff's responsibility to keep the clerk informed of his or her current address to ensure timely notification of court action. Local Rule CR 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

Here, the clerk sent the a copy of the court's show cause order on or about May 10, 2007, but the copy of the order was returned to the court clerk by the postal service because plaintiff was no longer at the address provided by plaintiff. The court received the returned mail on or about May 15, 2007. Plaintiff has not filed a change of address with the court and the court is unaware of plaintiff's current place of residence or confinement.

## CONCLUSION

Based on the foregoing discussion, the Court should dismiss this matter without prejudice for failure to prosecute pursuant to Local Rule CR 41. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 17, 2007**, as noted in the caption.

DATED this 27th day of July, 2007.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge